NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3454

ROY HURSH,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

_____

DECIDED: March 11, 2005

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Roy Hursh ("Hursh") seeks judicial review of an arbitration decision in which the arbitrator reduced the General Service Agency's ("GSA") removal of Hursh to a five and a half month suspension without pay. We <u>affirm</u>.

## I. BACKGROUND

Hursh was removed from his position as an Information Technology Specialist in the Federal Technology Service ("FTS") on March 19, 2004. The removal was based on one charge of improper contracting practices, with four specifications subsumed under that charge, and one charge of misconduct that impairs job performance, trustworthiness, or otherwise affects the ability of FTS to perform its mission.

Hursh's union, the American Federation of Government Employees, brought the matter of his removal to arbitration against the General Services Administration ("GSA"). The arbitrator held Hursh responsible for his conduct, but sustained only two of the specifications: improper modification of contract, for using letters to change the contract at issue without authority; and split procurements under 48 C.F.R. § 19.805-1(c), for using two procurements close in time and for basically the same work in order to avoid the competitive threshold of $3,000,000. The arbitrator rejected the remaining bases for removing Hursh.

Pursuant to this split decision on the charges against him, the arbitrator reduced Hursh's penalty. Instead of removal, Hursh was given a suspension without pay from the original removal date to the date of the arbitration decision, September 7, 2004.

## II. DISCUSSION

Hursh seeks review of the arbitrator's decision to sustain the improper modification and split procurement specifications and to penalize him with a five and a half month suspension without pay.

### A. Standard of review

We review the decision of an arbitrator "in the same manner and on the same basis as" we review decisions of the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (2000). Under this standard, we set aside the arbitrator's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938). In this case, we consider whether substantial evidence supports the arbitrator's finding that the GSA proved the two sustained specifications by a preponderance of the evidence.

### B. Arguments

Hursh alleges error in the arbitrator's factual findings. Specifically, he contends that the arbitrator sustained the split procurement specification on the basis that Hursh was a contracting officer, which is false, and that the actual contracting officer had already admitted to the splitting. With respect to improper modification, Hursh claims that the arbitrator sustained the specification on the "non-fact" that Hursh actually changed the scope of the contract.

Hursh further asserts that the arbitrator applied the wrong regulation on split procurement and should have held that there were no restrictions on split procurement pursuant to 48 C.F.R. § 19.804-6(b), which states, "The requirements of 19.805-1 do not apply to individual orders that exceed the competitive threshold as long as the original contract was competed." Finally, he claims that the arbitrator violated 5 U.S.C. 7121(b)(2) and the applicable collective bargaining agreement by failing to decide the matter within fifteen days after selection.

The Government cites testimony in the record that supports the challenged specifications. The Government argues, further, that Hursh's case does not qualify for the § 19.804-6(b) split procurement exception because the original procurement was not subject to competition.

## C. Analysis

As discussed below, substantial evidence supports the arbitrator's decision on liability for improper modification and split procurement. The resulting penalty was not an abuse of discretion.

### 1. Improper Modification

The arbitrator had a substantial factual basis on which to sustain the specification of improper modification. Hursh's contention that he "did not change the scope of the underlying contract, the delivery order, or the statement of work" is contravened by the testimony of three witnesses. They indicated that Hursh signed technical direction letters and contract line item numbers in order to procure architectural engineering and construction services, even though agreement at issue and the associated statements of work did not concern the construction of any buildings. This testimony constitutes substantial evidence in support of the arbitrator's decision on this issue.

### 2. Split Procurement

Hursh argues that the split procurement for which he was charged was actually attributed to Senior Contracting Officer Ron Heald ("Heald") at the arbitration hearing. The arbitrator's opinion tells otherwise. He found that Hursh knowingly participated in the improper splitting along with Heald. This conclusion was supported by substantial evidence in the record, including the testimony of Gary Casteel and Ed De Paoli. The arbitrator found that these witnesses were wrong about some of the details, but their testimony nonetheless credibly demonstrated Hursh's knowing participation in the restriction of competition.

04-3454                                    4

That Hursh was a Business Development Specialist, rather than a contracting officer, does not immunize him from liability for split procurement. Hursh cites no authority for the proposition that one must be a contracting officer to be charged with split procurement. We see no error in the arbitrator's conclusion that an employee acting in concert with a contracting officer can be disciplined under the regulation prohibiting split procurement.

We also do not accept Hursh's assertion that his case falls under 48 C.F.R. § 19.804-6(b). This exception applies when "the original contract was competed." 48 C.F.R. § 19.804-6(b) (2005). Hursh views the "original contract" as the original base FAST Multiple Award contract, not the individual procurement he is accused of splitting. It is not clear from the record that even this contract was competed. Regardless, though, our review of the complete record of this arbitration has uncovered no evidence that Hursh raised this argument prior to appeal. An appellate court need not consider arguments that a party failed to raise during arbitration. See, e.g., Gunn v. Veterans Admin. Med. Ctr., 892 F.2d 1036, 1039 (Fed. Cir. 1990). Without passing on the merits of Hursh's "original contract" argument, we hold that it has been waived.

### 3. Penalty

The arbitrator did not abuse his discretion in maintaining a suspension of approximately five and a half months as Hursh's penalty. After not sustaining two of the specifications and one of the charges against Hursh and finding that he did not bear primary responsibility for one of the two specifications that was sustained, the arbitrator reasonably reduced Hursh's penalty from removal to the aforementioned suspension. It was not an abuse of discretion to decline to shorten the suspension further.

That the collective bargaining agreement's deadlines may not have been complied with is also not a sufficient reason to modify Hursh's penalty under the circumstances of this case. Although Hursh's ultimate suspension in this case was commensurate with the time it took for the arbitrator to issue his opinion, Hursh has not convinced us that the arbitrator would have based the penalty on "time served" if the opinion had been issued sooner. The arbitrator could have determined that Hursh's suspension would end on September 7, 2004, regardless. Because, as noted above, the five and a half month suspension was a permissible exercise of the arbitrator's discretion, we decline to overturn it.

For the reasons stated above, we affirm the decision of the arbitrator.